## JOHN BIER v. STANDARD MFG. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 1, 1889—Decided November 11, 1889.

1. In an action by an employee against his employer, to recover damages for personal injuries caused by the fall of an elevator, when it was shown

Statement of Facts.

that the elevator was an old one, fitted with an old rope which had once parted, and that twice before the elevator had fallen, the case is one for the jury.

2. In such an action, it was not error to admit the testimony of an elevator builder, that an elevator, running with a five eighths rope and used to transport iron weighing a ton, and passengers also, the witness would regard as unsafe, without a safety rope and other safety appliances.

3. Nor was it error to refuse to charge that unless the defect in the machinery was known to the defendant company, the plaintiff could not recover. The proposition was too broad. If they should have known it, and if by the exercise of ordinary care they would have known it, it was sufficient.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 172 October Term 1889, Sup. Ct.; court below, No. 291 October Term 1888, C. P. No. 2.

On September 1, 1888, John Bier brought an action of trespass against the Standard Manufacturing Company. Issue.

At the trial on May 16, 1889, it was shown that the plaintiff was employed by the defendant company as a common laborer, and that on June 8, 1887, while working in defendant's manufactory, moving wares from the ground floor to the fourth floor by means of an elevator, in use by him for the first time, he went with a companion upon the elevator at the landing on the fourth floor, when it fell to the bottom, injuring him severely and permanently. The elevator had formerly been used in the printing establishment of W. G. Johnston & Co., and originally was a "hand" elevator. Some of Johnston & Co.'s workmen changed it into a power elevator by procuring certain machinery from a firm of elevator builders, and constructed it so that it was used as a steam elevator. It was subsequently taken out of Johnston & Co.'s establishment, stored for a time, and was then put up by the workmen of the defendant company, and had been in use in their establishment for two or three years. At one time, within six months prior to the accident, the rope came off the pulley, was caught in the cog-wheel, and a part of it had to be cut off. On two other occasions it had fallen some distance. It did not appear that the elevator had any safety appliances.

Robert Marshall, of a firm of elevator builders, called as a witness by the plaintiff, was asked:

Charge of Court below.

Q. Would an elevator, running with a five eighths rope and used to transport iron weighing a ton, and passengers also,— would such an elevator, without a safety rope and without safety appliances of any other kind, be a safe elevator?

Objected to, as irrelevant and incompetent.

By the court: Objection overruled; exception.[5]

A. We would not, as elevator builders, regard that as safe; we do not build our elevators in that way.

Q. Judging from your experience as an elevator builder, would an ordinary carpenter or an ordinary machinist, without any special knowledge of elevators, be a fit person to construct, repair or put up an elevator that was intended to carry passengers and freight?

Objected to, for the reason that the hypothetical case is not warranted by testimony.

By the court: Objection overruled; exception.[6]

A. I do not regard it safe to do that; I do not do it; do not allow any other than a man that has experience in that kind of business to do that kind of work. We educate men to do it before sending them out.

The court, EWING, P. J., answered certain points for instructions, presented by the defendants, as follows:

7. If the evidence discloses that the elevator was one of an ordinary character, although not provided with the best method for its operation, nor with the best method of safety appliances, the defendant would not be liable in this action to the plaintiff for any injuries he may have sustained, unless there was some defect in the machinery known to the officers of the defendant corporation; and unless the evidence discloses such knowledge on the part of the corporation defendant, the plaintiff could not recover in this case.

Answer: The seventh point is refused. To render the defendant liable for the consequences of a defect in the machinery, it is not necessary that its officers should have actually known of the defect; it is sufficient if they should have known it and if by the exercise of reasonable care they would have known it.[1]

8. If the jury find from the evidence that the plaintiff and a fellow workman entered upon the elevator and attempted to

Charge of Court below.

descend, when the same stuck, and it was necessary, in order to prevent an accident, to stop the engine or reverse it, and this was not done, the plaintiff was guilty of contributory negligence and cannot recover in this action, and the verdict should be for the defendant.

Answer: The eighth point is refused as put. If the negligence of either the plaintiff or his fellow employee contributed to the injury he cannot recover, but neither of them was bound to more than ordinary care. They were not bound to know and foresee everything which might occur. If the elevator stuck and it was necessary in order to prevent an accident to stop the engine, or to reverse it, and the plaintiff or his fellow employee by the exercise of reasonable care could have done so, and did not, it was negligence, and would prevent a recovery by the plaintiff.[2]

9. If the jury find from the evidence that the elevator in question was in an unsafe condition, and the plaintiff knew the same, and gave no notice to the defendant, and that the defendant had no knowledge of its unsafe condition, the plaintiff was guilty of contributory negligence, and cannot recover in this action.

Answer: The ninth point is affirmed as an abstract proposition of law, but we recall no evidence that tends to show that the plaintiff, either had or should have had knowledge that the elevator was unsafe.[3]

10. Under all the evidence in this case the verdict should be for the defendant.

Answer: The tenth point is refused.[4]

The jury return a verdict in favor of the plaintiff for $3,500. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this appeal, assigning for error:

1–4. The answers to defendant's points.[1 to 4]

5, 6. The admission of plaintiff's offers.[5 6]

*Mr. Isaac S. Van Voorhis* and *Mr. John S. Ferguson*, for appellant.

Counsel cited: Sweeney v. Berlin etc. Co., 101 N. Y. 520 (54 Am. Rep. 722).

*Mr. Robert T. Reineman*, for the appellee.

Counsel cited: Baker v. Railroad Co., 95 Pa. 211; Mullan v. Steamship Co., 78 Pa. 25.

PER CURIAM:

The jury have found that the defendant company was guilty of negligence in not providing a safe elevator. It is not a case in which we can say there was not sufficient evidence of negligence to submit to them; hence the verdict and judgment must stand, unless there was error in the rulings of the court.

A careful examination of the specifications fails to convince us that such is the case. The defendant's seventh point could not have been properly affirmed. The court was asked to say that unless the defect in the machinery was known to the defendant corporation, the plaintiff could not recover. This proposition was too broad for the facts of the case. The learned judge very properly said: "It is sufficient if they should have known it, and if by the exercise of reasonable care they would have known it." There was evidence that this was an old elevator, with an old rope, which had once parted, and that upon two other occasions the elevator had fallen some distance. An elevator needs, and should have, constant care and inspection. The friction of the rope is constantly wearing the strands, and when they part it is necessarily weakened. Under the circumstances, we cannot say the learned judge erred in refusing this point. Nor do we find error in the answer to the eighth, ninth, and tenth points. The latter asked for a binding instruction in favor of the defendant. It was a case for the jury, and could not properly have been withdrawn from them. Objection was also made, and is assigned here for error, to certain questions put to Robert Marshall, a witness for the plaintiff: see fifth and sixth specifications. We do not regard the admission of this testimony as erroneous. The witness was a builder of elevators, and competent to speak of their safety. The questions referred to had a direct bearing upon the safety of this particular elevator. As this was a proper subject of inquiry before the jury, the evidence was pertinent.

Judgment affirmed.