# Patrick McGuigan v. Robert Beatty, Appellant.

*Negligence—Master and servant—Defective appliances—Elevator.*

In an action by an employee against his employer to recover damages for personal injuries, the case is for the jury where the evidence shows that plaintiff's duties were to carry goods from the first to the second story by means of an elevator which had no bell attached; that on the day of the accident he looked up the elevator to ascertain whether or not any person was using it, when a weight of thirty pounds, connected with an automatic gate on the fourth floor, fell, striking the plaintiff on the head, and inflicting severe injuries; that the rope which held the weight had not been replaced by any new rope during six months preceding the accident, and was in a rotten condition; that the block which would, or might, have prevented the fall of the weight had been long absent from its place, and there was no proof that defendant had ever inspected the rope.

Argued March 28, 1898.  Appeal, No. 46, Jan. T., 1898, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1896, No. 1341, on verdict for plaintiff.  Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before BRÉGY, J.

At the trial it appeared that on January 9, 1896, plaintiff, while in the employ of the defendant, was injured by the falling of an elevator weight in defendant's building.

Plaintiff's duties in defendant's factory required him to take a truck loaded with cans containing yarn, etc., from the first floor to the second floor and vice versa, by means of a freight elevator.  He worked only on these two floors; he had never been on the fourth floor.  The elevator worked through a shaft extending from the first to the fifth floor of the factory.  On each floor was an automatic gate which opened as the elevator approached it.  It was opened by means of a heavy iron weight of thirty pounds, connected with the gate by a rope.

Other facts are stated in the opinion of the Supreme Court.

The court charged in part as follows:

[I see nothing in this case which would make this man guilty of contributory negligence.] [1]   The question is, was his em-

ployer guilty of any negligence? [It appears a weight was held by a rope, the weight being a counterweight to the elevator door or gate that went up and down with the elevator, and the rope broke and the weight fell by reason of the breaking of the rope, and that, even if the rope did break the weight would not have fallen, if there had been a block underneath to prevent it from falling.] [2] You have heard a description of the whole · matter. [It is the duty of an employer to keep an eye on things like ropes that are in constant use over pulleys or running through a groove, and which are apt to break, and if the breaking of this rope was caused by constant wear—a gradual wearing of the rope—and had gotten into such a condition that the inspection or observation that a man ought to make about his place to see whether things were in order, would disclose its condition, then it would be negligence on the part of the employer in not putting a good rope on that weight to prevent an accident occurring.] [3] If, on the other hand, the rope suddenly broke, without having any appearance before that it would break, that of course, would be a thing which might or would relieve an employer from the charge of negligence. [As to the question of whether or not the block ought to have been there— you have heard the testimony in the case, and you must determine whether or not it was negligence in not having a block there, in not having the block in the position some of the witnesses think it should have been.] [4] Taking everything into consideration, you must state whether you believe the employer was negligent—did he do his duty? If he did, he is not negligent—if he did not, he is negligent.

Verdict and judgment for plaintiff for $4,500. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*J. Howard Gendell*, for appellant, cited Reese v. Clark, 146 Pa. 465; Huey v. Gahlenbeck, 121 Pa. 238; Phila. & R. R. Co. v. Schertle, 97 Pa. 450; R. R. v. Hughes, 119 Pa. 301; Baker v. R. R., 95 Pa. 215; Augerstein v. Jones, 139 Pa. 183.

*John M. Patterson* and *William F. Meyers*, for appellee, cited O'Toole v. Post Printing, etc., Co., 179 Pa. 271; Phila. & R. R.

Co. v. Huber, 128 Pa. 63 ; Dixey v. Traction Co., 180 Pa. 401 ; Frick v. Barbour, 64 Pa. 120 ; Penna. R. R. v. White, 88 Pa. 327 ; Penna. R. R. v. Werner, 89 Pa. 59 ; Wilson v. Penna. R. Co., 177 Pa. 503 ; Bier v. Standard Mfg. Co., 130 Pa. 446 ; Bennett v. Glass Co., 158 Pa. 120 ; Tissue v. R. R., 112 Pa. 91 ; Rummell v. Dilworth, 111 Pa. 343 ; Green & Coates Pass. Ry. v. Bresmer, 97 Pa. 103 ; Penna. & N. Y. Canal & R. R. Co. v. Mason, 109 Pa. 296 ; West Chester, etc., R. R. v. Mc-Elwee, 67 Pa. 311 ; McCombs v. Ry., 130 Pa. 182; O'Donnell v. Allegheny Valley R. R., 59 Pa. 248.

OPINION BY MR. JUSTICE GREEN, May 26, 1898 :

There is certainly no evidence on this record showing any contributory negligence on the part of the plaintiff, and the learned court below was not in error in so stating to the jury. This leaves open only the question of negligence on the part of the defendant, for which he would, or might be, liable to the plaintiff. That question was left to the jury, and we do not see how it could have been taken from them. The plaintiff being at the elevator in the discharge of his duty, put his hand upon it in order to ask up the shaft if there was anything there, and was suddenly struck on the head by a falling object. He was thrown to the floor, and his head was badly cut, and discharged blood freely. His injuries were of a serious nature, and he was laid up for many weeks, under treatment. A witness who was present a very few minutes after the accident occurred, testified that he saw, at the bottom of the elevator well, a heavy iron weight which was stained with blood, having a piece of broken rope attached to it. By other testimony it was shown that this weight had been attached to a gate or door on the fourth floor of the building, which opened automatically as the elevator approached it. The weight regulated the movement of the gate, and it moved in an iron socket or groove. There was testimony of a workman at the place that these grooves were supplied with blocks to prevent the falling of the weight, in the event of the breaking of the rope, but there was no block in the groove at the fourth floor, and had not been for some months before. The same witness testified that he removed the weight from the floor of the elevator well shortly after the accident, and examined the broken rope attached to

it. He said it was rotten through constant usage, and that no new rope had been put in during the six months he had worked there. It will be seen at once that the questions, whether it was the weight that struck the plaintiff, and whether the rope was in a defective condition, and whether the block which was intended to prevent the falling of the weight was in place or not, were entirely and necessarily for the consideration of the jury. These questions all bore upon the subject of the defendant's liability, and they could not possibly be taken from the jury. There was quite sufficient evidence as to these matters to sustain a charge of culpable negligence on the part of the defendant if believed by the jury. The defendant gave no testimony whatever, and, of course, there was no proof in the cause that the duty of inspection was ever performed.

The duty of an employer to furnish his workmen with suitable appliances and to keep them in reasonably safe condition is so familiar that it is not necessary to cite authorities in its support. A single reference to one of our decisions in a similar case will be sufficient to meet any contention as to the liability of the employer in circumstances such as are here present. In the case of Bier v. Standard Manufacturing Co., 130 Pa. 446, the plaintiff's injury was sustained by the falling of an elevator in consequence of a defective rope. It was contended for the defendant company that it was not liable unless the officers of the company had knowledge of the defect in the rope. The court below refused a point to that effect, and we, in affirming the judgment for the plaintiff, said: " The court was asked to say that unless the defect in the machinery was known to the defendant corporation the plaintiff could not recover. This proposition was too broad for the facts of the case. The learned judge very properly said: ' It is sufficient if they should have known, and if by the exercise of reasonable care they would have known it.' There was evidence that this was an old elevator, with an old rope which had once parted and that upon two other occasions the elevator had fallen some distance. The friction of the rope is constantly wearing the strands and when they part it is necessarily weakened." While in the present case there was no evidence of the rope having previously parted, there was testimony that it had been in constant use and was not replaced by any new rope during six

months preceding the accident, and also that the rope was in a rotten condition from constant use. It was also proved that the block which would, or might, have prevented the fall of the weight had been long absent from its place. And in these circumstances the law contained in the foregoing citation is quite applicable to the facts here developed. In addition to this there was an entire absence of testimony that the defendant had ever inspected the rope, and the absence of such proof affords an inference that the duty to inspect had been neglected. We are clearly of opinion that the assignments of error are not sustained and the judgment should be affirmed.

Judgment affirmed.