## Martin *v.* Atlantic Transport Co., Appellant.

*Negligence—Master and servant—Explosives—Duty to warn.*

1. A stevedore injured while engaged in unloading casks of explosive matter in ignorance of the nature of the contents of such casks, can recover from his employer in an action for damages, if the employer has either actual or constructive knowledge of such danger and has failed in its duty of warning its employees of it and of giving them proper instructions how to avoid it.

2. In such case, where the stevedore company employing the plaintiff has received notice five days before the arrival of the ship that part of the cargo is "knall korke," and where the casks are marked "Knall Korke, Vorsicht," the German for "explosive corks, handle with care," it is a question for the jury whether the company ought to have known of the dangerous nature of the explosives.

3. What an employer ought reasonably to know to be dangerous to his employees it is his duty to know, and he is, therefore, presumed to know.

Argued March 21, 1912. Appeal, No. 7, Jan. T., 1912, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1908, No. 4563, on verdict for plaintiff in case of Frank Martin v. Atlantic Transport Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $1,820 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal to give judgment non obstante veredicto.

*Alfred D. Wiler* and *Charles Biddle,* for appellant.— The plaintiff had failed to show defendant's knowledge, as alleged in his statement, or that the defendant knew there were explosives in the hold and knowingly sent the men to work there without warning; on this the case came clearly within the ruling of Elkins v. Mc-Kean, 79 Pa. 493; Brunner v. Blaisdell, 170 Pa. 25; East End Oil Co. v. Torpedo Co., 190 Pa. 350; Allen v. Kingston Coal Co., 212 Pa. 54.

It is well settled law that if the master has no notice of the alleged defects, and no blame can be imputed to him in not discovering them, he is not liable for any injury resulting to an employee: Nelson v. DuBois, 11 Daly 127; Clough v. Hoffman, 132 Pa. 626; Melchert v. Brewing Co., 140 Pa. 448; Kilbride v. Carbon Dioxide & Magnesia Co., 201 Pa. 552.

It is incumbent upon the appellee to show that this alleged negligence, this lack of notice, in some way produced the injury complained of. This they do not attempt to do: Brunner v. Blaisdell 170 Pa. 25; Gundelsweiler v. Chemical Co., 161 Pa. 23; Kilbride v. Carbon Dioxide & Magnesia Co., 201 Pa. 552; Reese v. Clark, 146 Pa. 465.

A party is not bound to anticipate the want of ordinary care or a wrongful act on the part of another, but has a right to presume that such other party will use ordinary care: Brown v. Lynn, 31 Pa. 510; Reeves v. R. R. Co., 30 Pa. 454.

Warren C. Graham, for appellee.—As authority for the proposition that it was not necessary for the plaintiff to show actual knowledge, that it was enough if he showed facts from which defendant should have known, the attention of the court is called to the following cases: Tissue v. B. & O. Railroad Co., 112 Pa. 91; Bier v. Standard Mfg. Co., 130 Pa. 446; McGuigan v. Beatty, 186 Pa. 329.

It was for the jury to decide what duty the defendant owed Martin and whether or not that duty was performed: Lehner v. Pittsburgh Rys. Co., 223 Pa. 208.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

We cannot tell whether the probata followed the allegata in this case, as the statement of plaintiff's cause of action does not appear in appellant's paper book nor in the appendix to it, as required by rule 29. We must, therefore, assume that the averments and proofs correspond, and, with the latter before us, we cannot sustain the contention of the appellant that the question of its negligence should not have been submitted to the jury.

At the time the appellee was injured he was employed as a stevedore by the defendant company, which was engaged in the business of loading and unloading ships of the Hamburg-American Line, plying between Hamburg, Germany, and Philadelphia. The freight which the company unloaded was shipped from Germany and was often marked in German. The cargo which the appellee was helping to unload included fourteen cases of "knall korkes," marked "Knall Korkes, Vorsicht." Knall korkes—dangerously explosive corks —are used in Germany as torpedoes and are well-known articles of commerce. Prof. Theodore Shumacher, a German professor in the University of Pennsylvania, testified that the words "knall korke, vorsicht" are of common use and mean "explosive corks, should be handled with care." A meaning of the word "vorsicht," as given in Adler's German dictionary, a standard au-

thority, is "caution." Five days before the arrival of the "Arcadia," the ship upon which the explosion occurred, the defendant had received a manifest of its cargo and a plan showing where each article of freight was stored. This manifest showed the shipment of the fourteen cases of knall korke and the plan showed that they were stowed by themselves in hatch No. 3. If the defendant company had actually known that this consignment was dangerous to handle, the obvious duty would have rested upon it of notifying its employees of the danger incident to handling it and of the care to be exercised in moving the cases; and, if the appellant did not have actual knowledge of this danger, the question which the trial judge was called upon to submit to the jury was whether it, as the employer, by the exercise of reasonable diligence, should have known the danger, for constructive knowledge by an employer of danger to his employees imposes upon him, no less than actual knowledge, the duty of warning his employees of it and of giving them proper instructions as to how to avoid it. What an employer ought reasonably to know to be danger to his employees it is his duty to know, and he is, therefore, presumed to know it: Tissue v. Baltimore & Ohio Railroad Co., 112 Pa. 91; Bier v. Standard Manufacturing Co., 130 Pa. 446; McGuigan v. Beatty, 186 Pa. 329. The stevedores, according to their testimony, were in utter ignorance of the dangerous articles they were handling when they undertook to unload the cases of knall korke. But, with the information which the defendant company had five days before the arrival of the ship as to its cargo, in which were included the fourteen cases of knall korke, it was for the jury to say whether it ought to have known the dangerous nature of the explosives, and, if so, whether it was guilty of negligence in failing to notify its stevedores of the danger connected with handling the cases and of the care to be exercised in moving them.

The plaintiff did not rest merely upon the explosion, without testimony as to what caused it. The cases exploded as they were being handled. One had been placed on the top of another, and the stevedores were placing a third on top of the two. Just as they dropped one end of this third case into position it exploded. According to the testimony of William C. Robinson, the nature of the corks was such that a case of them might be exploded by the mere jar caused by setting it upon the ground. He testified that it was exceedingly dangerous to handle the cases without extreme care, and that it was very dangerous "to lift them up by any mechanical contrivance and deposit them in the hold of a vessel, or lift them out of the hold and deposit them on the wharf." A fair inference to be drawn by the jury from this testimony was that the handling of the cases caused the explosion, and, under all the testimony, another fair inference to be drawn was that, if the defendant company, which had at least constructive knowledge of the danger incident to the handling of the cases, had duly instructed and cautioned its employees, the handling would have been more careful and the explosion would have been avoided.

The case was for the jury, and, as nothing in the assignments of error calls for a retrial, the judgment upon the verdict is affirmed.