UNION COTTON MILLS *v.* HARRIS.

PER CURIAM. 1. This was an action by an employee against his employer, an incorporated cotton-mill company, for damages on account of personal injuries alleged to have been caused by the negligence of the defendant. There was no evidence to support the allegations of the petition in regard to latent defects in machinery used by the master, or in regard to the failure of the master to employ competent servants. Accordingly, it was erroneous to give in charge to the jury the provisions of Civil Code § 3130, relating to such matters.

2. The petition alleged that the plaintiff was fourteen years of age at the time he was employed by the defendant, and that he was thereafter injured while in the defendant's service. His father testified that he was born on November 12, 1889, and that the injury occurred on "September 26th or 27th, 1905." The plaintiff on direct examination stated that he would be fifteen years of age at his next birthday, and on cross-examination fixed the date of his birth and that of the injury at the same time as that given by his father. *Held,* that under the allegations in his pleading, which was an admission in judicio, as well as under the evidence, the court was not authorized to charge on

the theory that the plaintiff was under fourteen years of age at the time of the injury.

(a) The court charged as follows: "If you find that he is under fourteen years of age, the master could not escape liability, if the master was negligent." This was not a correct statement of the law. Under the ruling in *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674), a child under fourteen years of age does not assume the risk of negligence of a fellow servant, but he is chargeable with contributory negligence resulting from want of such care as his mental and physical capacity fits him for exercising, even though he is under the age of fourteen.

(b) If a master is negligent in regard to his servant, and such negligence is the proximate cause of an injury to the servant, this would not relieve the master from liability, although a fellow servant of the injured person may have also been negligent, and his negligence may have contributed to the injury. If the injured person assumed the risk of the negligence of a fellow servant, he could not recover on account of the results of such negligence. But this would not exclude him from recovering damages proximately resulting from the negligence of the master, if such facts be shown.

(c) A part of the charge complained of in the second ground of the amendment to the motion for new trial was substantially directed to this distinction, though it was not as fully or accurately expressed as it might have been.

3. The charge complained of in the third ground of the amendment to the motion for new trial was generally in accord with the ruling in *Betts Company* v. *Hancock,* 139 *Ga.* 198 (9), 207 (77 S. E. 177), except in so far as it may have authorized the jury to find for the plaintiff on account of his diminished capacity to earn money from the date of the injury to the date of his majority; his earnings in that interval belonging to his father. *Atlanta & West Point R. Co.* v. *Smith,* 94 *Ga.* 107 (4), 111 (20 S. E. 763).

4. The judge erred in refusing to grant a new trial.

> *Judgment reversed. All the Justices concur.*
> FEBRUARY 21, 1916.

Action for damages. Before Judge Wright. Walker superior court. December 31, 1914.

*James P. Shattuck* and *W. M. Henry,* for plaintiff in error.

*W. E. Mann* and *J. E. Rosser,* contra.