## 8086.  STEWART & JONES COMPANY *v.* GRIFFIN.

GEORGE, J.  1. The term "vice-principal," as generally used in the fellow-servant rule, is defined as including any servant who represents the master in the discharge of those personal or absolute duties which every master owes to his servants; such duties being generally referred to as the non-assignable duties of a master.  *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609 (2) (56 S. E. 839, 10 L. R. A. (N. S.) 772).

2. "Among the non-assignable duties of the master are, providing machinery and appliances, the place to work, the inspection and repair of premises and appliances, the selection and retention of servants, the establishment of proper rules and regulations, and the instruction of

servants. This enumeration, however, is not exhaustive, but simply illustrative." *Moore* v. *Dublin Cotton Mills,* supra. If the defect in the tool or appliance furnished the servant by the master should have been known to the master, he will be presumed to have known it. "Negligent ignorance is equivalent to knowledge. The patent and obvious character and apparent age of the defect may indicate that the master should have known it." *Ocean Steamship Co.* v. *Matthews,* 86 *Ga.* 418 (12 S. E. 632).

3. Under the evidence in this case it was for the jury to determine whether the master had knowledge of the defect in the appliance furnishd the servant, or in the exercise of ordinary care should have known of it; and it was likewise a question for the jury whether the servant, who did not have charge and control of the appliance, and who was inexperienced in the use of such appliance, knew of the defect, or had equal means with the master of knowing of it. The evidence authorized the jury to find that the appliance was defective, as alleged by the plaintiff, that the master knew or should have known of the defect, and that the servant did not know and had not equal means of knowing of the defect. The verdict (for $1,000) is not excessive.

4. Error was assigned on the following extract from the charge of the court: "This case involves some of the doctrines of master and servant, and it becomes necessary for the court to give you certain rules of master and servant that you may understand these rules and know how to apply them." This part of the charge is not subject to the criticism that "this case is wholly and entirely a master and servant case;" or that "it misled the jury into believing that there were issues in the case other than master and servant." The case did not involve all of the law on the subject of master and servant, and the entire charge contains only the principles of the law on the subject of master and servant applicable to the facts of this case. No complaint is made of any erroneous instruction of law. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED MARCH 20, 1917.

Action for damages; from Habersham superior court—Judge Jones. November 18, 1916.

*J. L. Perkins, J. C. Edwards & Son,* for plaintiff in error.

*J. J. & Sam Kimzey,* contra.