### 9187. MUSCOGEE MANUFACTURING CO. *v.* CADY.

1. It not being alleged what duties in mill No. 2 required the plaintiff to go daily to that mill from his place of work on the fifth floor of mill No. 5, the court erred in overruling the special demurrer calling for this information.
2. Where injury to a servant results from concurrent negligence of the master and a fellow servant, but would not have been sustained but for the master's failure to perform his duty, the master is liable.
3. The ruling of the trial judge on the general demurrer and on the special grounds of demurrer other than that dealt with in the first headnote, was not erroneous, but, on account of the error stated above, the judgment is reversed.

DECIDED APRIL 10, 1918.

Action for damages; from city court of Columbus—Judge Tigner. September 4, 1917.

Cady brought suit against the Muscogee Manufacturing Company for damages on account of personal injuries, alleging (paragraph 2) that he was employed by the defendant to work in its cotton mills as a weigher and examiner of cards on the end of frames, and to keep a record thereof, showing the weights and numbers, and the name of the winder hand. He alleged (paragraph 3) that "his duties required, and it was necessary, that he go daily from mill No. 2 to the 5th floor of mill No. 5, wherein said frames were located, in order to secure the record aforesaid;" (paragraph 4) that on the 26th of March, 1917, "in the performance of his duties as aforestated, he had gone to the fifth floor of mill No. 5, when he started to return to mill No. 2;" and (paragraph 6) that he was returning by the elevator, and, when it had started down and gone a certain distance, a truck with a box attached fell from the fifth floor down the elevator shaft, striking him and causing described injuries. It was alleged that this

truck and box weighed about 250 pounds with the bobbins therein, and was constructed for the purpose of carrying bobbins and other material, being rolled on the floor on wheels; that on each floor, where the elevator passes through, there is a door which opens to permit the elevator to pass through, and that after the passing of the elevator the doors automatically close, thereby closing the opening in the shaft, this being to prevent an opening being left in the shaft on a level with the floor; that in addition to the doors the shaft and opening is protected by a gate extending along the shaft, about four feet in height, and that when the gate is closed it is impossible for an object to roll from the floor into the shaft, and that when the gate is raised it.is held by an automatic spring attached to the frame of the elevator, so that when the elevator would pass and relieve the pressure of the spring, the gate would fall and close the opening in the shaft; that the doors were not in working order and did not close as they were constructed to do, but were nailed back to a post-frame of the elevator, thereby preventing their closing as intended; and that the gate was not in working order, in that the automatic spring, which closes the gate after the elevator has passed and relieved the pressure, failed to close the gate, by causing it to fall to the floor and close the opening in the shaft.  The petition contained the usual allegations of knowledge on the part of the master of these defects, and want of knowledge on the part of the plaintiff, and other allegations in reference to the plaintiff's injuries, and alleged that the negligent acts of the defendant, set out in the petition, caused his injuries. The defendant demurred to the petition, upon numerous grounds, general and special, which the court overruled, and the defendant excepted.

Slade & Swift, for plaintiff in error.

Hatcher & Hatcher, Ed. Wohlwender, contra.

HARWELL, J.   (After stating the foregoing facts.)   1. The defendant demurred specially to paragraphs 2, 3, and 4 of the petition, upon the ground that it was not alleged why it was necessary for the plaintiff to go from mill No. 5 to mill No. 2, and it was not alleged what his duties were in mill No. 2.  The demurrer as to these paragraphs is well taken.  It is alleged that it was his duty, as a weigher and examiner of cards on the end of frames, to keep a record thereof showing the weights, numbers,

etc., and that the frames were located on the fifth floor of mill No. 5. That was his place of work. It does not appear why it was necessary for him to go daily from mill No. 2 to the fifth floor of mill No. 5. He says that his duties required him to do that, but that allegation is a conclusion, and the special demurrer calls for and makes it necessary for him to explain why it was necessary for him to go to mill No. 2. He should allege what his duties were in mill No. 2 which made it necessary for him to go to that mill in the performance of his work. It must appear that he was in the line of his duty when he was injured. *Neff* v. *Broom,* 70 *Ga.* 256 (2) ; *Atlanta & Charlotte Air-Line Ry.* v. *Ray,* 70 *Ga.* 674 (4) ; *Eagle & Phenix Mills* v. *Johnson,* 131 *Ga.* 45 (61 S. E. 990).

2. The defendant demurred to the following allegation in paragraph 6 : "While he was standing in said elevator the truck with the box fell from the fifth floor down said elevator shaft, striking him," etc.; basing the demurrer to this paragraph on the ground that it is too vague, indefinite, and uncertain, it not being alleged who or what caused the truck to fall down the shaft; that it is not alleged whether a vice-principal or a fellow servant, or some accidental force caused the truck to fall, and it does not appear whether the truck was thrown down the shaft or what caused it to enter the shaft. It appears from the petition that when the gate was closed it was impossible for any object to roll from the floor into the shaft. This truck with a box on it containing bobbins, which fell down the shaft, it is alleged fell from the fifth floor and weighed 250 pounds, and was on rollers, and was used in carrying bobbins and other materials from place to place in the mill. From the allegations in the petition it was impossible for it to have rolled from the floor into the shaft if the gate had been in working order and closed as the elevator went down after the plaintiff entered. It appears further that it could not have fallen down the shaft if the door which closed had been in working order, instead of being nailed to the post, and had closed as the elevator descended. The defendant claims that the plaintiff should have gone further and alleged who or what projected this into the shaft, and that if a fellow servant rolled or shoved the truck into the shaft through this open gate, the plaintiff could not recover. If that contention is sound, then the special demurrer is good, and

the plaintiff should have gone further and shown that a fellow servant did not cause the truck to roll or fall into the shaft. We can not agree with this contention of the defendant. "The negligence of a fellow servant does not relieve the master from liability to a coservant for an injury which would not have happened had the master not been negligent himself." *Loveless* v. *Standard Gold Mining Co.*, 116 *Ga.* 427. "The negligence of a fellow servant does not excuse the master from liability to a coservant for an injury which would not have happened had the master performed his duty." *Cheeney* v. *Ocean Steamship Co.*, 92 *Ga.* 726 (19 S. E. 33, 44 Am. St. R. 113). "It is the duty of the master to provide for his servant a reasonably safe place in which to work, and to that end he is bound to make reasonable provision for protection of the servant against dangers to which he is exposed while engaged in the work he is employed to perform. For a failure to perform such duty the master is liable to the servant for injuries caused thereby, and this is true though the injuries resulted from the concurrent negligence of the master and a fellow servant of the one injured, where the injury could not have been sustained but for the failure of the master to perform such duty." *Jackson* v. *Merchants & Miners Transportation Co.*, 118 *Ga.* 651 (45 S. E. 254). See also *Southern Bauxite Co.* v. *Fuller*, 116 *Ga.* 695 (43 S. E. 64); *King Manufacturing Co.* v. *Walton*, 1 *Ga. App.* 403 (3), 410 (58 S. E. 115). It is well settled, therefore, that if the injury is caused by the concurrent negligence of the master and a fellow servant, and could not have happened had the master performed his duty, the master is liable. How is it material, then, as to who or what caused this truck to fall into the shaft? If it was impossible for it to have gone into the shaft but for the alleged negligence of the master in failing to keep the elevator in repair, then the negligence of the master was the proximate cause of the injury, and it is not necessary for the plaintiff to go further and allege and prove who or what caused the truck to fall into the shaft. There is no merit, therefore, in this portion of the special demurrer.

3. In our opinion there is no merit in the other special demurrers. The petition set forth a cause of action, and is sufficient to withstand the attack of a general demurrer. On account, however, of the error of the trial judge in not sustaining the portion

of the special demurrer as heretofore stated, the judgment overruling the demurrers is

    *Reversed. Broyles, P. J., and Bloodworth, J., concur.*

BROYLES, P. J. I agree with the majority opinion of the court, except that I think the special demurrer should have been sustained as to paragraphs 9, 10, and 11 of the petition.