In the Matter of Probate of the Will of ANTHONY COSTOS, Deceased. STEPHEN GOLDSTEIN, Appellant; JOHN GREGORIADES et al., Respondents.— Decree affirmed, with costs to all parties filing briefs, payable out of the estate. All concur. (Appeal from a decree denying probate of a will.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

∎

In the Matter of OLD VIENNA CORP., Petitioner, against JOHN P. ROLLEK, as Director of Licenses of the City of Buffalo, et al., Respondents.— Determination confirmed, without costs. Memorandum: We think the evidence amply sustains the findings of the director of licenses. All concur. (Review of determination of defendant director of licenses vacating petitioner's theatre license.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

∎

ALBERT WOLPERT, Respondent, v. JAMES R. GARRETT, Defendant, and JOHN W. JOHNSON, Appellant.— Judgment and order insofar as appealed from reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The defendant, Garrett, who had a learner's permit, was the owner and operator of the car. The defendant-appellant, Johnson, a licensed operator, accompanying Garrett, was teaching him to drive. The plaintiff was injured and had a verdict against both defendants. The court erred in charging the jury that in passing upon the liability of appellant Johnson, they could find negligence as to him if they found that Garrett violated the provisions of the Vehicle and Traffic Law or the city ordinances. Paragraph b of subdivision 4 of section 20 of the Vehicle and Traffic Law provides in part that " Any person when instructing another shall be liable with him for any breach of this chapter or of any local ordinance, rule or regulation." Such section does not, in a civil action for damages make the instructor responsible for motor vehicle violations on the part of the learner-driver. (*Sardo* v. *Herlihy*, 143 Misc. 397; see, also, *Spaulding* v. *Mineah*, 239 App. Div. 460, affd. 264 N. Y. 589.) We cannot agree with respondent's contention that the appellant, as instructor, was in the position of master of Garrett, the owner and operator so that negligence of Garrett became imputable to appellant. Since the case was submitted to the jury on both the erroneous theory of imputed negligence under paragraph b of subdivision 4 of section 20 of the Vehicle and Traffic Law and upon the correct theory of appellant's own failure to use reasonable care as an instructor, we cannot say upon which theory the jury arrived at its verdict nor what effect the erroneous instruction might have had upon the jury's determination. All concur. (Appeal from part of a judgment for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.