45467.   ALTERMAN v. JINKS.

ARGUED JULY 6, 1970—DECIDED NOVEMBER 18, 1970.

*Lokey & Bowden, Glenn Frick,* for appellant.

*Levine & Cohn, Morton P. Levine,* for appellee.

QUILLIAN, Judge. 1. The defendant makes the following interesting assertion. He points out that the plaintiff was his servant and that his son was, under the family-purpose car doctrine, also his servant. Hence, he urges the principle of law: "An employee cannot recover from his master for injuries sustained in the master's automobile where the driver, whose negligence is alleged to have caused the injury, was a fellow servant." *Miller v. Fulton,* 111 Ga. App. 849 (2) (143 SE2d 578). See *Code* § 66-304; *Morrison v. Lewis,* 58 Ga. App. 677 (199 SE 782). It is true that the theory of the family-purpose car doctrine is predicated on the principles relating to master and servant (*Stewart v. Stephens,* 225 Ga. 185, 186 (166 SE2d 890); *Hirsh v. Andrews,* 81 Ga. App. 655, 657 (59 SE2d 552). See *Lacey v. Forehand,* 27 Ga. App. 344 (108 SE 247)), and is often referred to as a development of the doctrine of respondeat superior. *Doss v. Miller,* 87 Ga. App. 230, 234 (73 SE2d 349); *Johnson v. Brant,* 93 Ga. App. 44, 46 (90 SE2d 587); *Owens v. White,* 103 Ga. App. 459, 460 (119 SE2d 581).

The fellow servant doctrine is of course an exception or departure from the respondeat superior rule. *Roberts v. Ethridge,* 73 Ga. App. 400, 403 (36 SE2d 883). The fellow servant rule is a species of assumption of the risk. "The master is not liable to one servant for injuries inflicted by a fellow servant, because the risk thereof is one of those assumed in the contract of employment." *Evans v. Josephine Mills,* 119 Ga. 448 (5) (46 SE 674). See *Shields v. Yonge,* 15 Ga. 349 (3) (60 AR 698). *Code* § 66-303. Because of this fact, the cornerstone of the fellow servant rule is that the fellow employee's negligence must be the sole cause of the injury. For if the master is negligent, as in failing to comply with his so-called nondelegable duties, he may be found liable. "In order to relieve a master from liability for an injury to one of his servants, the negligence of a fellow servant must have been the *sole* cause of the

injury, unmixed with any negligence on the part of the master or his representative." *Southern R. Co. v. Diseker,* 13 Ga. App. 799 (6) (81 SE 269). "The negligence of a fellow servant does not excuse the master from liability to a coservant for an injury which would not have happened had the master performed his duty." *Muscogee Mfg. Co. v. Cady,* 22 Ga. App. 180, 183 (95 SE 749). This is summed up in *Union Cotton Mills v. Harris,* 144 Ga. 716 (2b) (87 SE 1029), which held: "If a master is negligent in regard to his servant, and such negligence is the proximate cause of an injury to the servant, this would not relieve the master from liability, although a fellow servant of the injured person may have also been negligent, and his negligence may have contributed to the injury. If the injured person assumed the risk of the negligence of a fellow servant, he could not recover on account of the results of such negligence. But this would not exclude him from recovering damages proximately resulting from the negligence of the master, if such facts be shown."

Thus, it is apparent that the master must be free from negligence before the application of the fellow servant doctrine comes into play. For this reason, we assume arguendo that the plaintiff and the defendant's son could be classified as fellow servants.

The plaintiff alleged: "That the defendant herein was negligent in entrusting said vehicle to his son, an inexperienced driver." Under the theory of negligent entrustment: "liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness." *Saunders v. Vikers,* 116 Ga. App. 733 (5) (158 SE2d 324).

As held in *Hines v. Bell,* 104 Ga. App. 76, 83 (120 SE2d 892): "The Georgia law imposes liability on the owner for negligent acts of an incompetent one to whom he entrusts the driving of his car, other than in agency, in only three categories: (1) by reason of his age or want of experience; (2) or his physical or mental condition; (3) or his known habit of recklessness." See *Jones v. Dixie Drive It Yourself System,* 97 Ga. App. 669, 673 (104 SE2d 497); *Seaboard*

*C. L. R. Co. v. Zeigler,* 120 Ga. App. 276, 280 (170 SE2d 60). Of course, negligent entrustment per se does not apply where the master-servant relation exists. *NuGrape Bottling Co. v. Knott,* 47 Ga. App. 539 (1) (171 SE 151). However, the same general principles are applicable since where there is a master-servant relation the master is liable where he selects an incompetent servant. "A master owes to each servant the duty to exercise ordinary care in the selection of other servants engaged in the same enterprise, and not to retain them after knowledge of their incompetency. Civil Code (1910), § 3130." *Camilla Cotton Oil &c. Co. v. Walker,* 21 Ga. App. 603 (2) (94 SE 855). "Among the non-assignable duties of the master are, providing machinery and appliances, the place to work, the inspection and repair of premises and appliances, the selection and retention of servants, the establishment of proper rules and regulations, and the instruction of servants. This enumeration, however, is not exhaustive, but simply illustrative." *Moore v. Dublin Cotton Mills,* 127 Ga. 609 (3) (56 SE 839, 10 LRA(NS) 772). See *Stewart & Jones Co. v. Griffin,* 19 Ga. App. 554 (2) (91 SE 923); *Code* § 66-301.

Thus, regardless of the existence of the master-servant relation if the defendant negligently permitted his son, an inexperienced driver, to operate the car he could be found liable. See *Medlock v. Barfield,* 90 Ga. App. 759, 761 (84 SE2d 113); *Hines v. Bell,* 104 Ga. App. 76, 83, supra. See the thorough discussion contained in *Roberts v. Ethridge,* 73 Ga. App. 400, 402, supra. In this case since the defendant was the movant for summary judgment the burden fell upon him to establish that he was not negligent in permitting his son to operate the vehicle in question. The only evidence relating in any way to the son's competency as a driver was the following. (1) The plaintiff testified by deposition: "Q. And when he was riding in the car, when he was driving the car on other occasions and you were with him, you could tell him to be careful and he would be careful, wouldn't he? A. Well, he always has been careful when I ride with him." (2) The defendant's son in a deposition taken in the action brought by the injured driver of the other vehicle replied "no" to the question: "All right. Have you ever had any other collisions, other than this one?"

These statements were not sufficient to carry the burden im-

posed on the defendant. As to the first, we can only conclude the plaintiff had no knowledge that the defendant's son was, if he were, a careless driver. With regard to the son's statement it would not establish that he was a competent driver.

We can not hold, as a matter of law, that the defendant's negligence was not a contributing cause or that the son's negligence was the sole cause. Even if the fellow servant rule was applicable to this type of situation there remains a material issue of fact for the jury.

2. The defendant contends that the driver's negligence was imputable to the plaintiff since she was a licensed driver and in control of the car. In this connection, it is also urged that the plaintiff assumed the risk by her status as the adult licensed operator in the vehicle and, since she had ridden with the defendant's son before, she knew or should have known of any incompetency on the son's part as a learner-driver.

(a) Assumption of the risk presupposes knowledge of the risk assumed. *Whitehead v. Seymour,* 120 Ga. App. 25, 28 (169 SE2d 369). As we have previously pointed out the only evidence in this regard would tend to show (but not conclusively) a lack of knowledge on the plaintiff's part.

Since any doubts in regard to vital issues should be resolved in favor of the party opposing the motion for summary judgment (*Goodwin v. Mullins,* 122 Ga. App. 84, 85 (176 SE2d 551); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90, 91 (176 SE2d 487)), the issue of assumption of risk was for the jury. See *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

(b) In other states even where the learner's statute imposes criminal sanctions on the licensed driver (which Georgia does not) the courts have held that the learner driver's negligence is not necessarily imputable to the instructor or licensed driver. Instead the standard of care imposed on the two is quite different. "A licensed motor vehicle driver's liability for an accident occurring while he is supervising a person holding a learner's permit is not based upon the imputation to him of the negligence of the permittee but rather is predicated only on his independent duty to supervise the permittee and the sole basis of, liability is negligent supervision, not necessarily the negligent driving of the learner

per se." Forker v. Pomponio, 60 N. J. Super. 278 (3) (158 A2d 849), cited in 60A CJS 1085, Motor Vehicles, § 444, n. 65 (1). See Wolpert v. Garrett, 105 NYS2d 21 (278 AD 893); Lazofsky v. City of New York, 254 NYS2d 349 (22 AD2d 858); 8 AmJur2d 118, Automobiles and Highway Traffic, § 565.

This court has held in a landmark decision: " 'The doctrine of imputed negligence has no application . . . to actions brought by the master against the servant to recover for injuries suffered by the former as a result of the latter's actionable negligence' for 'it would offend justice and right to impute the negligence of a servant to his master and thus exempt him from the consequences of his own wrong-doing where the negligence proximately causes injury to a master who is without personal fault.'" *Hightower v. Landrum,* 109 Ga. App. 510, 517 (136 SE2d 425). The rationale of this doctrine fits the instant situation since the plaintiff's grounds of recovery are predicated on negligent acts on the part of the driver which were not at her behest and for which she did not have sufficient time or opportunity to instruct the learner-driver to avoid.

The question of whether the plaintiff was so negligent in her role as a licensed driver as to preclude her from recovering under the comparative negligence rule would be a jury question.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*