## DAVIS *v.* MUSCOGEE MANUFACTURING COMPANY..

1. The original petition in the present case setting forth no cause of action. whatever, there was nothing to amend by.

2. A pauper affidavit filed for the purpose of relieving the plaintiff in error from the payment of costs in this court is sufficient if it state that the plaintiff in error, because of his poverty, is unable to pay the costs ; and. it need not be further stated in the affidavit that he is unable to give bond. for the eventual condemnation-money, or that his counsel has advised. him that he has good cause for a writ of error. *Aliter,* if the purpose of the affidavit is also to obtain a supersedeas of the judgment rendered in. the court below.

Argued October 18,—Decided December 13, 1898.

Action for damages. Before Judge Butt. Muscogee superior court. February 8, 1898.

*Blandford & Grimes,* for plaintiff.
*McNeill & Levy,* for defendant.

Совв, J. Davis sued the Muscogee Manufacturing Company for damages, alleging that he was in the employment of the defendant to clean and wash window-glass in the defendant's factory, and while he was so engaged, the engineer, or some other employee of the defendant operating the engine of the factory, without warning to the plaintiff and without his knowledge, turned on the steam from the engine, or other appliance of the defendant, so carelessly and negligently that the water and steam went outside of the factory to the window plaintiff was washing, and thereby, without any fault on his part, scalded and burned him, to his damage, etc. When the case came on for trial, the plaintiff proposed to amend the declaration as follows: "And plaintiff further alleges that the defendant was negligent in this: that it kept and maintained a foot-valve, which was liable to get out of order at any time, and which was well

known to defendant, and which did get out of order, and when out of order a vacuum attached to the engine or attachment of said engine would be broken, and when so broken would cause hot water and steam to be forced in a pipe running up the side of the building of said defendant, whereby your petitioner was scalded and burned to his damage," etc. The defendant objected to the amendment, upon the ground that it constituted a new cause of action. The court sustained the objection, and the plaintiff excepted.

1. The petition as originally filed set forth no cause of action. The negligence alleged resulted from the acts and conduct of the employees of the defendant, who were the fellow-servants of the plaintiff, and such negligence, although resulting in damage to the plaintiff, did not give him a cause of action. *Kerr* v. *Crown Cotton Mills*, 105 *Ga.*, and cases cited. The amendment offered alleged that the plaintiff was injured by the negligence of the defendant in not providing proper machinery. This was entirely different from the allegation in the original petition, and made a cause of action which was in no way connected with the allegations contained in the original petition. It was contended by the plaintiff in error, that the original petition set forth a cause of action, which consisted of the negligent scalding and burning of the plaintiff; and that the amendment did not make a new cause of action, but was permissible for the purpose of making varying allegations as to what constituted the negligence resulting in the scalding and burning. It is true that in the case of *Harris* v. *Central Railroad*, 78 *Ga.* 525, it was held that, "The cause of action alleged being the homicide of plaintiff's husband by means of the defendant's negligence, the allegations in the declaration, touching the specific acts of negligence and the manner of causing death, may be varied or added to by amendment during the progress of the trial, so as to adapt the pleadings to the evidence in all its aspects," and that Chief Justice Bleckley in the opinion says: "The cause of action was the homicide of the plaintiff's husband by the negligence of the defendant. In setting out that negligence, it was described in one way in the original declaration, in another by the first amendment, and in another by the second.

amendment.    But it was all the same cause of action." The distinction between that case and the one now under consideration is, that the original petition set forth a cause of action, the substance of it being that the plaintiff's husband was killed by the running of the defendant's trains, locomotives, cars, and other machinery, and that his death was the result of no negligence on his part but was due to the negligence of the defendant, it then being alleged in what this negligence consisted. So that the original petition contained a complete cause of action. The amendments which were allowed simply made allegations of acts of negligence additional to those contained in the original petition. If the petition in the present case had alleged that the plaintiff was burned and scalded by the negligent conduct of the defendant in the operation of its factory and had set forth some specific act of negligence, then, under the ruling in the *Harris* case, an amendment containing additional acts of negligence might have been properly allowed. But the original petition contained no allegation of negligence which was chargeable in law against the defendant; and for this reason the case differs materially from the *Harris* case. What has been said in reference to the *Harris* case also applies to the case of *Central R. R. Co.* v. *Kitchens*, 83 *Ga.* 83. There is nothing in this view to conflict with the ruling made in the case of *Ellison* v. *Georgia R. R. Co.*, 87 *Ga.* 691. While some of the language of Chief Justice Bleckley, taken isolated and alone, might lead to the conclusion that the amendment in the present case should have been allowed, still, if the opinion is construed as a whole in the light of the record in that particular case, it will be seen that the amendments which are allowable under the authority of that decision are those which simply make perfect a cause of action which is imperfectly set forth in the pleading sought to be amended. That this is the true purpose of the decision comes out clearly in the language of the 7th headnote, which is as follows: "Under the code, a declaration which has all the requisites to make it good and sufficient in substance, save that it omits to allege some fact essential to raise the duty involved in the cause of action which the pleader evidently intended to declare upon, is amendable by supplying the omitted fact at

any stage of the case. Thus, where the duty claimed was the duty of forbearing to obstruct a sewer-pipe which conveyed waste water from the plaintiff's premises and discharged the same on the defendant's land, the declaration was amendable by alleging an easement subjecting his land to the burden of receiving the water so discharged. Also, in an action by a mother suing for the homicide of her son, where the fact omitted from the declaration was that she was dependent upon him for a support, the declaration was amendable by alleging that fact." The omission in the original petition in the present case was not due to a failure to allege some essential fact which was necessary to a cause of action imperfectly set forth therein, but was an omission to allege in any way whatever a state of facts which would constitute a cause of action against the defendant. We can not hold that it was the intention of this court in *Ellison's* case to carry the law of amendment to such an extent. An imperfect cause of action may be made perfect by a suitable amendment. No cause of action whatever can not by amendment be converted into a cause of action.

2. Upon the call of this case a motion was made to dismiss the writ of error, on the ground that the pauper affidavit appearing in the record was not sufficient, in that it did not distinctly appear from the same that counsel had advised plaintiff in error that he had good cause for a writ of error. The constitution declares that plaintiffs in error shall not be required to pay the costs in this court when the usual pauper affidavit is filed in the court below. Civil Code, § 5881. It is provided by law that, "if a pauper oath be made for the purpose of carrying any case to the Supreme Court without payment of costs, such oath shall state that the plaintiff in error, because of poverty, is unable to pay the costs in said case, and must not add conjunctively the inability of the plaintiff in error to give bond for the eventual condemnation-money." Civil Code, § 5553. See also Rule 14 of the Supreme Court. It would seem, therefore, that if the pauper affidavit is filed for the sole purpose of bringing the case to this court without the payment of costs, the only thing material to be stated in the affidavit is that the plaintiff in error, from his poverty, is unable to pay the

costs. If, however, the purpose in filing the affidavit is, not only to be relieved from the payment of costs, but also to obtain a supersedeas of the judgment of the court below until the case is finally adjudicated here, the affidavit must not only set forth that the plaintiff in error is unable to pay the costs, but also disjunctively that he is unable to give security for the eventual condemnation-money, and that his counsel has advised him that he has good cause for a writ of error. Civil Code, § 5552; *Flanagan* v. *Scott*, 102 *Ga.* 399; *Williams* v. *George*, 104 *Ga.* 600.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*