### 6550.  Wing v. Savannah Guano Company.

Wade, J.  1. In a suit for injuries to an employee from defects or dangers in machinery supplied by the employer, it must appear that the employer knew or ought to have known of the defects or dangers, and it must also appear that the person injured "did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." Civil Code, §§ 3130, 3131.

(a) "The servant seeking to recover for an injury takes the burden upon himself of establishing negligence on the part of the master, and due care on his own part." *Georgia Railroad Co.* v. *Nelms*, 83 *Ga.* 70, 75 (9 S. E. 1049, 20 Am. St. R. 308). See also: *Brush Electric Co.* v. *Wells*, 103 *Ga.* 512, 515 (30 S. E. 533); *Butler* v. *Atlanta Buggy Co.*, 10 *Ga. App.* 175, 178 (73 S. E. 25). Not being a railroad company, all presumptions are in the master's favor. *Whatley* v. *Block*, 95 *Ga.* 15 (21 S. E. 985); *Betts Company* v. *Hancock*, 139 *Ga.* 198, 202 (77 S. E. 77).

2. The burden was upon the plaintiff in this case not only to show that the defendant was negligent as alleged, but that the death of the deceased resulted therefrom, and that the deceased was in the exercise of ordinary care at the time.

(a) No person witnessed the fatality, and it does not appear, from any facts or circumstances in proof, how the death by electricity was brought about.

(b) The alleged defective condition of the instrumentality was patent to superficial observation, and must have been known to the deceased as well as, if not better than, to the master.

(c) Nor does it appear from the pleadings or the evidence that the subtle danger generally connected with the use of electrical appliances was not fully understood and clearly recognized by the deceased, who had been in the employment of the master for a considerable period of time in the discharge of the same duties he was performing at the time of his death.

(*d*) The act of the deceased in attempting to operate the defective appliances (if in fact he made the attempt) would therefore amount to a want of ordinary ·care.

3. The court did not err in awarding a nonsuit and dismissing the case, upon the ground that the evidence failed to show that the alleged negligence brought about the injury, and further failed to show that the deceased, at the time of the fatal occurrence, was in the exercise of ordinary care. *Judgment affirmed.*

DECIDED JANUARY 27, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. April 5, 1915.

*Oliver & Oliver,* for plaintiff.

*Anderson, Cann & Cann,* for defendant.