### 9880. MERITAS MILLS v. WAY.

JENKINS, J. 1. The plaintiff's amendment to the tenth paragraph of her petition, made at the trial court, was not such as materially to change the cause of action, and thus open the whole petition to demurrer at that time; nor did the court err in overruling the demurrer to that paragraph as amended.

2. "Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business" (Civil Code of 1910, § 3120), nor is the master liable for injuries to a servant resulting from the negligence of the servant himself. Civil Code (1910), §§ 3131, 4426; *Butler* v. *Atlanta Buggy Co.*, 10 *Ga. App.* 175 (73 S. E. 25); *Wing* v. *Savannah Guano Co.*, 17 *Ga. App.* 534 (87 S. E. 827). It necessarily follows, that the master is not liable for injuries resulting to a servant from the concurrent negligence of the plaintiff himself and a fellow-servant. The court therefore erred in charging the jury that "if the plaintiff was injured as alleged, and her injury,—that is, the breaking of her arm— the consequent injury to her—damage to her—was caused by the negligence of the fellow-servant and the negligence also of the plaintiff, then the plaintiff would be entitled to recover." Although in other and different portions of the charge the judge correctly instructed the jury upon the questions here involved, he did not undertake to correct the erroneous charge above quoted, and a new trial must be granted. See

*Central of Georgia Ry. Co.* v. *Deas,* 22 *Ga. App.* 425 (3), 427-8 (96 S. E. 267).

3. There was some evidence to authorize a verdict in favor of the plaintiff, though it did not require such a verdict. The requests to charge set out in grounds 2, 3, 4, 5, and 9 of the amendment to the motion for a new trial were, so far as legal and pertinent, sufficiently covered by the charge given; grounds 1, 6, 7, and 8, assigning error upon certain excerpts from the charge of the court, even though in some degree slightly inaccurate, are without substantial merit, when considered in connection with the context and the entire charge, as is also ground 10, which complains of the admission of certain testimony.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 29, 1919.

Action for damages; from city court of Columbus—Judge Tigner. June 4, 1918.

*Battle & Hollis,* for plaintiff in error.

*Ed. Wohlwender, Hatcher & Hatcher,* contra.