### 12365.  THOMPSON v. GEORGIA RAILWAY & POWER COMPANY.

STEPHENS, J.  1.  This being a suit by a servant against his master to to recover for injuries received by the servant as a result of his being " kicked " by the cranking lever which the servant was turning for the purpose of " cranking up " a gasoline engine attached to a motor-vehicle known as a tractor, which the servant was employed to operate, which kicking by the lever, it was alleged was caused by "back-firing " of the engine, and which injuries were alleged to have been received by the servant as a result of the negligence of the master in furnishing the tractor to the servant in a defective condition, and it appearing, from the evidence, that the servant possessed equal means with the master of knowing of the alleged defect, or could by the exercise of ordinary care have discovered it, or that the servant in attempting to " crank up " the engine assumed an ordinary risk of his employment and failed to exercise his own skill and diligence to protect himself, the award of a nonsuit was proper.  Civil Code (1910), §§ 3130, 3131.

2. Where the plaintiff, who had six years' experience in operating automobiles, the engines of which crank upon the same principle as an engine of a tractor, properly set the machinery so as to retard the spark, which action was necessary for the purpose of enabling him to crank the engine in safety, and, after having made repeated efforts to crank the engine, failed to do so, he knew, or ought to have known by the exercise of ordinary care, that his failure to crank the engine was due to some defect in the machinery, and where, with such knowledge, he con-

tinued in his efforts to crank the engine, he assumed the risk of being "kicked," which was an ordinary risk of his employment.

　　　　　*Judgment affirmed.* *Jenkins, P. J., and Hill, J., concur.*
　　　　　DECIDED MARCH 4, 1922.

Action for damages; from Coweta superior court — Judge Roop. March 8, 1921.

*Stanford Arnold,* for plaintiff.

*Colquitt & Conyers, W. G. Post,* for defendant.