12803. LIGGETT & MYERS TOBACCO COMPANY *v.* DAVIS.

HILL, J. 1. No liability attaches to a master for personal injuries to a servant caused by defects in a machine furnished by the master to the servant where it appears that the servant knew or possessed equal means with the master of knowing of the defect and could by the exercise of ordinary care have discovered it. Civil Code (1910), § 3131.

2. This was a suit for damages for personal injuries received by an employee, caused by the "back firing" of a Ford automobile, which had been furnished to the employee by the employer to be used by the employee in his work as salesman for the employer, resulting in the crank handle striking the employee's arm and breaking it. The automobile had been turned over to the employee in good condition, with instruction that if it needed repairs at any time he was to take it to a shop and have it repaired. He had driven the automobile for several weeks and had it repaired several times. The automobile had "back fired" and "kicked" the employee several times while it was in his possession prior to the time when he was injured. Just prior to the time when he was injured the employee had a short vacation, and during that time the automobile had been placed by the employee in a shop for repairs. After it had been so repaired it was used for a day or so by another employee of the defendant and by this employee returned to the shop in which it had been placed by the plaintiff. When the plaintiff got the automobile out of the shop, after his vacation, and had gone a short distance up the street, the automobile stopped, and when he endeavored to crank it the engine "back fired" and injured him. It appearing from the evidence that the plaintiff knew or had equal means of knowing of the defect in the automobile, if any existed, and by the exercise of ordinary care could have known thereof, or that, in attempting to "crank up" the engine he assumed an ordinary risk of his employment and failed to exercise his own skill and diligence to protect himself, the court erred in not granting the defendant's motion for a new trial. *Thompson* v. *Ga. Ry. & Power Co.*, 28 *Ga. App.* 278 (110 S. E. 762); *Wing* v. *Savannah Guano Co.*, 17 *Ga. App.* 534 (87 S. E. 827).

  *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
  DECIDED MARCH 20, 1922. REHEARING DENIED APRIL 13, 1922.

Action for damages; from Fulton superior court — Judge Pendleton. June 14, 1921.

*A. H. Davis,* for plaintiff in error.
*Smith, Hammond & Smith,* contra.