### 16481.   SOUTHERN CO-OPERATIVE FOUNDRY CO. *v.* ELLIOTT.

In charging as to the right of a servant to recover for negligence of the master in furnishing defective appliances, the court erred in failing to charge as to the servant's means of knowledge of the defect and as to his duty to use ordinary care in discovering it.

The charge as to the measure of damages was defective for reasons stated in the case of *Furney* v. *Tower,* ante, 743 (6, 7).

DECIDED DECEMBER 22, 1925.

Damages; from Floyd superior court—Judge Wright. April 4, 1925.

W. B. Elliott sued the Southern Co-operative Foundry Company for damages because of personal injuries to himself while in the defendant's employ as a moulder. He contended that he was injured on account of the failure of the defendant to furnish him a safe place for work, and on account of having been furnished with an appliance which was not safe and suitable for the work he was called upon to perform with it. He alleged that one Tarvin, who he alleged was the alter ego of the master, gave him a command to use the appliance complained of, and to make a journey

in his work different from what he was accustomed to make in doing his work, and that in making this new journey, with an alleged defective ladle filled with molten metal which he was pouring, he ran into a pile of frames, in or near his path, causing the ladle, or the frame of it, to tear apart, and the metal to be spilled upon his foot, causing the injury complained of. He alleged that he was permanently injured, that he suffered pain, and had lost time and earnings, and that he would continue permanently to suffer pain and loss of earnings to a stated extent. The defendant in its answer denied the substantial allegations of the plaintiff, and contended that he was injured by reason of his own carelessness, and that he could by the exercise of ordinary care have avoided the consequences of any alleged negligence on the part of the master. The trial of the case resulted in a verdict against the defendant for $1,000. The defendant's motion for a new trial was overruled, and it excepted.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Porter & Mebane, Henry Walker,* contra.

JENKINS, P. J. 1. "In the trial of a case brought by a servant against a master to recover damages for personal injuries received by the servant in the use of defective machinery furnished by the master, it was error to charge, in effect, that the master was liable for the injuries so received if he was negligent in failing to provide machinery reasonably safe for the work, or to keep the machinery in proper repair, and that if the master had been negligent in either of these particulars, and the servant was injured in consequence of that negligence, the master would be liable, without instructing the jury in the same connection, either literally or in substance, that before the servant could recover for such injuries, it must appear that he did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known thereof." *Manchester Manufacturing Co.* v. *Polk,* 115 *Ga.* 542 (2) (41 S. E. 1015). The following charge was erroneous because of its practical incompleteness in the respects pointed out in the foregoing quotation: "It was the duty of the [master] in this case, to exercise ordinary care for the safety of those in its service in providing them with machinery and appliances reasonably safe and suitable for their use; and where the servant is injured through a defect existing in the machinery

or appliances, which was known to the master, or ought to have been known to him, and which was unknown to the servant, the master might be liable for the injury." Moreover, for the same reason, the following charge was also erroneous: "I charge you further, that the master is bound to exercise ordinary care for the safety of those in his service, in providing them with machinery, and a reasonably safe and suitable place for their use, and where there is a defect in such machinery, which was known to the master, or ought to have been known to him in the exercise of ordinary care, and which was unknown to the servant, and the servant is injured thereby, the master is liable for the injury." The error of omission in both instances was in failing to charge with reference to the servant's equal means with the master of knowing of defects, and that the servant was required to use ordinary care in discovering defects. *McDonnell* v. *Central of Ga. Ry. Co.,* 118 *Ga.* 86 (44 S. E. 840); *Brush Electric &c. Co.* v. *Wells,* 103 *Ga.* 512 (1) (30 S. E. 533); *McDaniel* v. *Acme Brewing Co.,* 113 *Ga.* 80 (1) (38 S. E. 404); *Kilgo* v. *Rome Soil &c. Co.,* 16 *Ga. App.* 737 (4) (86 S. E. 82); *Wing* v. *Savannah Guano Co.,* 17 *Ga. App.* 534 (1) (87 S. E. 827). The rule applies in cases where the servant is injured in executing the command of his master, even though the command is accompanied by an assurance of safety. *Central of Ga. Ry. Co.* v. *Lindsey,* 28 *Ga. App.* 198 (110 S. E. 636).

2. The charge relative to the measure of damages is substantially the same as that excepted to in *Furney* v. *Tower,* ante, 739, and the exceptions taken to it are practically the same. It was defective for the reasons assigned in the 6th and 7th divisions of the decision in that case.

3. The remaining exceptions taken to the charge relate to matters not likely to occur on another trial, and need not be considered. *Judgment reversed. Stephens and Bell, JJ., concur.*