24157. SALTER *v.* NUGENT *et al.*

BROYLES, C. J. 1. "Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Civil Code (1910), § 3129; *Brush Electric Co.* v. *Wells,* 110 *Ga.* 192 (35 S. E. 365), and cases cited.

2. There must be enough in a petition to amend by; and where it sets forth no cause of action, it can not be amended. A new and different case from that made in the original petition can not be added by amendment. *Jones* v. *Robinson,* 172 *Ga.* 746 (3) (158 S. E. 752) ; *Davis* v. *Muscogee Mfg. Co.,* 106 *Ga.* 126, 129 (32 S. E. 30) ; *Kennemer* v. *W. & A. Railroad,* 42 *Ga. App.* 266 (3) (155 S. E. 771).

3. The original petition in the instant case, properly construed (most strongly against the plaintiff), shows that the personal injuries sued for resulted from the negligence of a fellow servant of the plaintiff. While the petition contains some language tending to show otherwise, such language is clearly a conclusion of the pleader which is not supported by the facts set forth. The original petition set forth no cause of action whatever, and could not "by amendment be converted into a cause of action." *Davis* v. *Muscogee Mfg. Co.,* supra.

4. Under the foregoing rulings, the court did not err in disallowing the amendment to the original petition, or in dismissing the case on general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 24, 1934.

*Ulmer & Dowell,* for plaintiff.
*Adams, Adams & Douglas,* for defendants.

