24258, 24288.   GARTRELL *v.* RUSSELL *et al.;* and *vice versa.*

BROYLES, C. J.   1. Where a suit in damages for the homicide of a servant is brought against the master, the plaintiff has the burden of establishing negligence on the part of the master, and due care on the part of the deceased, and where the master is not a railroad company, all presumptions are in the master's favor. *Wing* v. *Savannah Guano Co.*, 17 *Ga. App.* 534 (87 S. E. 827), and cit.

2. "Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Civil Code (1910), § 3129; *Buchsbaum* v. *Sadler*, 40 *Ga. App.* 709 (151 S. E. 566). Especially is this true where it appears that the injured servant knew, or possessed equal means with the master of knowing, of the negligence or misconduct of his fellow servant which caused the injuries sued for, and that he (the injured servant), by the exercise of ordinary care, could have known of such negligence or misconduct. Civil Code (1910), § 3131; *Liggett & Myers Tobacco Co.* v. *Davis*, 28 *Ga. App.* 407 (111 S. E. 584).

3. In the instant case, the amended petition, properly construed (most strongly against the plaintiff), shows that the homicide of the servant (the plaintiff's son) was caused by the negligence of a fellow servant, and that the plaintiff's son knew, or possessed equal means with the master (the Russell Transfer Company), of knowing of that negligence, and that he, by the exercise of ordinary care, could have known of the negligence. It follows that the petition fails to set out a cause of action either against the Russell Transfer Company or against the other defendant, the Sun Indemnity Company of New York (the insurer), and that the court properly dismissed the case on general demurrer.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 24, 1935.   REHEARING DENIED JULY 19, 1935.

*Clement E. Sutton,* for plaintiff.
*Smith, Smith & Bloodworth, R. E. Lee Field, Earle Norman,* for defendants.

ON MOTION FOR REHEARING.

BROYLES, C. J.   It is contended in the motion for a rehearing that the petition alleged "that the deceased was asleep on the

driver's seat at the time of the accident, and that the fellow servant driving the truck likewise fell asleep or became so drowsy from fatigue that he was unable to control the truck," and that, "it being impossible for one asleep to exercise ordinary care to prevent being hurt, when it is shown that such condition of sleep on the part of the injured servant in no wise contributed to the accident, the court overlooked this fact in rendering its decision applying the rule of ordinary care. . . The injured servant can not be said under such conditions to have equal means with the master of knowing the negligence." It is alleged in the petition "that Joe Gartrell, deceased, was employed by Russell Transfer Company as a truck driver, operating its motor-trucks in delivering oils for Gulf Refining Company in points throughout this State, and that he, in company with Henry Daniel a coemployee of Russell Transfer Company, was sent from Washington, Georgia, on Sunday night, September 24, 1933, to Charleston, South Carolina, for the purpose of transporting a load of oil, and that from this date to the time of the accident at one o'clock a. m., the morning of September 27, 1933, the said Joe Gartrell and Henry Daniel were continuously operating said truck, except such times as they were engaged in loading and unloading and stopping for meals, neither of said drivers obtaining any sleep except that gained while riding on said truck which they were driving by turns." It appears from the foregoing allegations of the petition, and especially so when the petition is construed most strongly against the plaintiff, that the deceased driver had at least equal means with the master of knowing of the risks arising from the negligence of the master in compelling his servants to drive the truck continuously for several days and nights until they became so fatigued and drowsy that they were physically unable to properly operate it. The danger incident to the driving of the truck under such conditions should have been obvious to the deceased employee long before the accident occurred; and since he nevertheless continued riding on the truck, and in the employment of the master, and in the discharge of the work involving such danger, and did so in the absence of any promise by the master to correct or modify such conditions, it must be held that he assumed the risk or danger that arose out of the negligence of the master or the negligence of his fellow servant, and the master is

not liable. *Macon R. Co.* v. *Musgrove*, 145 *Ga.* 647 (5), 650; *Mills* v. *Bartow Lumber Co.*, 9 *Ga. App.* 171 (2).

Rehearing denied. *MacIntyre and Guerry, JJ., concur.*