## WYNN *v.* THE STATE

No 11079. DECEMBER 14, 1935. REHEARING DENIED FEBRUARY 21, 1936.

*R. Earl Camp, S. P. New, W. A. Dampier, R. I. Stephens, L. F. Watson,* and *A. Russell Ross,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. A. Merritt, solicitor-general, G. L. Goode, J. E. Burch,* and *W. H. White,* contra.

RUSSELL, Chief Justice. At the January term, 1934, of Laurens superior court Mrs. Julia Wynn was convicted of the murder of Mrs. J. E. Burns, with a recommendation. She filed a motion for new trial, which was overruled, and that judgment was affirmed. *Wynn* v. *State,* 179 *Ga.* 874 (177 S. E. 695). On present writ of error it is alleged that the superior court erred in overruling an

extraordinary motion for new trial, filed during the January term, 1935, of Laurens superior court. The ground of this motion is the disqualification of jurors who served on the trial. In the original motion for new trial three jurors were attacked as alleged to have been disqualified by reason of relationship to the prosecutor. These were E. M. Daniel, W. L. Lake, and John W..Pope. On the hearing of the extraordinary motion it was conceded that Pope was not disqualified from sitting as a juror, and the court by proper order eliminated him from consideration. The only question in this case, therefore, is whether E. M. Daniel and W. L. Lake were so disqualified that they did not constitute legal jurors under the well-known principles stated by this court in *Ledford* v. *State,* 75 *Ga.* 856, and numerous other cases to the same effect, that a trial before a jury where any juror was disqualified amounted as matter of law to no trial.

Until the passage of the act of 1935 (Ga. L. 1935, p. 396), there was no statutory definition prescribing the degree of relationship which would disqualify a juror from serving. Under numerous prior decisions approving *Smith* v. *State,* 2 *Ga. App.* 574 (59 S. E. 311), it was held that a juror related within the ninth degree to a party in the case upon trial was disqualified. *Harris* v. *State,* 150 *Ga.* 680 (104 S. E. 902); *Crawley* v. *State,* 151 *Ga.* 818 (108 S. E. 238, 18 A. L. R. 368); *Bloodworth* v. *State,* 161 *Ga.* 332 (131 S. E. 180); *King* v. *State,* 174 *Ga.* 432 (163 S. E. 168). By the act of 1935, supra, which of course supersedes the previous rulings of the courts, it is declared that a juror shall not be disqualified unless related within the sixth degree. Without discussing at this time the question whether the legislative act, because it is merely remedial, may have retroactive effect, we have carefully examined the evidence adduced before the trial court, and we are of the opinion that whether the question be decided by the old rule (which fixes the ninth degree) or the new statutory rule (which fixes the sixth degree) as the rule of disqualification, the jurors attacked in this case were under neither rule disqualified.

We concur with the rule insisted upon by the counsel for plaintiff in error, that hearsay evidence if confined to the general knowledge, though derived by tradition, is admissible to prove pedigree and relationship. Consequently the judge did not err in hearing and considering such evidence in the adjudication of this case.

However, he was not obliged to give preference to the testimony of either party upon that subject. The credibility of the witness was a matter within his discretion; and hence it can not be said that he gave credence to witnesses who testified that no relationship either by consanguinity or affinity existed which would debar the juror E. M. Daniel from serving as a juror. The same rule might have applied to the qualification and competency of the juror W. L. Lake, but it is unnecessary to discuss or rule on this feature of the case, because in the evidence introduced by the State upon the hearing before the judge it was the contention of the State that the defendant, on the trial of the case upon its merits, waived all objection to W. L. Lake, and consented for him to act as one of the triors as a member of the jury. Evidence upon the question whether the defendant did waive any disqualification of W. L. Lake was in sharp conflict. We can not say that the judge was not authorized to rule as he did in the exercise of his prerogative as sole trior of the credibility of the witnesses who testified pro and con as to whether the defendant in the original trial did waive Lake's relationship, if any. It is true that the official stenographer of the court testified that from an examination of her notes taken at the time of the trial, there was nothing in them to show that the defendant or her counsel expressly waived the disqualification of Lake. This evidence would tend to corroborate the contention of the defendant that no waiver was made, and would have authorized the judge as trior so to hold. However, there were a number of witnesses who were present at the trial, whose affidavits were before the court, who testified to the circumstances, and swore that an express and unequivocal waiver of Lake's disqualification was made in open court before Lake was empaneled as a juror. Under the well-settled rule to which we have just referred, this court can not hold that the judge erred in that he believed the oral testimony of the witnesses as to express waiver of Lake's disqualification, if any, in preference to the circumstance that the stenographer omitted reference to the subject, perhaps through inadvertence, or that all other witnesses testified that no such waiver was made at the trial of the case by the defendant or her counsel.

*Judgment affirmed. All the Justices concur.*