## 26586. WILDER *v.* STEEL PRODUCTS COMPANY.

256

DECIDED FEBRUARY 3, 1938.

*Ulmer & Dowell,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.

GUERRY, J. The petition of Lucinda Wilder alleged that the defendant company was engaged in furnishing and delivering material to be used in the construction of the plant of the Union Bag and Paper Company, of Savannah, Georgia; that the Merritt-Chapman and Scott Company was the contractor engaged in erecting the plant; that it "was the uniform and unvaried custom of the defendant company to send only its driver with its truck delivering material, and the driver of the truck would pick up employees of the contractor in sufficient number to unload the truck and carry them to the place where the material was to be unloaded," and bring them back to the place they desired to go; that this custom was known to the defendant, and was carried out at its direction for the purpose of saving it the expense of hiring extra hands to assist its drivers in unloading said material; that on May 23, 1936, Jack Wright, a driver for the defendant company, was engaged in delivering material to the plant which was being erected, and after having unloaded the same was preparing to leave the plant and return to the plant of the defendant; that he "told Will Wilder, petitioner's husband, to get on said truck at a point just to the rear of the cab thereof and on the left-hand or driver's side of said truck for the purpose of transporting the said Will Wilder to a point where the commissary of the Merritt-Chapman and Scott Company was located;" "that it was customary and necessary for the trucks of said defendant to stop and put off the employees of the Merritt-Chapman and Scott Company at the point where they were to be transported; that just beyond the point where petitioner's said husband . . was to disembark from said

·truck there is a sharp turn or bend in the road which said truck was traveling; that said driver, . . instead of stopping said truck and allowing petitioner's husband to dismount therefrom in safety, on the contrary he, well knowing the danger to which petitioner's said husband would be subjected, . . speeded up said truck in making said sharp turn, which said speeding up and sharp turn of said truck swung petitioner's said husband around so that the trailer attached to said truck knocked him off said truck and ran over him." The negligence averred was as follows: "(a) In assigning petitioner's said husband to an unsafe and dangerous place upon said truck in which to ride. (b) In failing to stop said truck, in accordance with the established custom of operating the defendant's truck, at the point where petitioner's said husband was to dismount from said truck. (c) In speeding up said truck while making the said turn or bend in said road, and thereby causing petitioner's said husband to be knocked from said truck, run over and fatally injured. (d) By recklessly and negligently operating said truck in said dangerous manner, thereby causing the fatal injuries to petitioner's said husband." A general demurrer to this petition was sustained, and exception is taken to this ruling.

It is the position of counsel for the plaintiff in error in his brief that the "guest rule" is not involved or applicable to the facts pleaded, but, if it is involved, that the petition sufficiently alleges gross negligence, so that the petition was sufficient to withstand a general demurrer. Gross negligence is not expressly pleaded in the petition. In *Capers* v. *Martin, 54 Ga. App. 555* (5) (188 S. E. 465), it was said: "Gross negligence, such as will authorize a recovery by a guest in an automobile against his host, must be expressly pleaded, unless the facts alleged in the petition are 'such as to demand the inference of its existence.' *Townsend* v. *Minge, 44 Ga. App.* 453 (2) (161 S. E. 661) ; *Bivins* v. *Tucker, 41 Ga. App.* 771 (3), 774 (154 S. E. 820)." We are confident that the facts averred in the petition do not demand the inference of gross negligence on the part of the agent and driver of the defendant's truck. In the *Bivins* case, supra, the court, in holding that the petition, seeking a recovery of damages for a deficiency in acreage in land sold by defendant to the plaintiff by the tract, did not allege an intention to deceive, and therefore was subject to

general demurrer, said that, "while perhaps this might be inferred from all the facts alleged, it is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence." The charges of negligence, to wit, assigning to the deceased an unsafe place on the truck, failure to stop the truck in accordance with established custom at the point where the deceased was to dismount (as to this charge of negligence it may be pointed out that it is not alleged that the deceased instructed or advised the driver of the truck that he desired to stop at the point in question, nor is it alleged that he was one of the employees of the contractor *who had been engaged in unloading the truck* as to whom the custom of carriage to any desired point was alleged, which hardly therefore alleges any duty to stop), and the speeding up of said truck while making the turn, neither separately nor collectively per se demand an inference of gross negligence on the part of the driver of the truck. It is charged in subparagraph (d) that the agent of the defendant was "recklessly and negligently operating said truck in a dangerous manner," but this does not amount to a charge of gross negligence.

If, in the present case, the deceased was not an employee of the defendant at the time of his death, then he necessarily was a gratuitous passenger; and the petition not having alleged any gross negligence, it sets out no cause of action. We are of the opinion that the petition is subject to the construction that he was a gratuitous passenger, and, under the familiar rule of construction that pleadings are to be construed most strongly against the pleader, should be so construed. The petition alleges that the defendant, in delivering the materials to the premises of the Union Bag and Paper Company, would send only the driver of the truck with the same, and that the driver would, at its defendant's direction and with its consent, pick up some of the employees of the contractor and transport them to the place on the premises where the material was to be unloaded, and, after unloading the same, would transport such employees back to the point where he picked them up or to any other place on the premises they desired to go. The petition goes no further than to allege that the agent of the defendant, after having made a delivery of materials on the day in question, was about to return to the defendant's place of busi-

ness, and told deceased to get on the truck for the purpose of transporting him to the commissary of the contractor. It is not alleged that the deceased, according to the custom alleged, had been transported to the point where he got on the truck, for the purpose of aiding in unloading the material, and, after having done so, was told to get on the truck for the purpose of carrying him to another part of the premises. Therefore it is hardly possible that we should construe the petition so as to make the deceased an employee of the defendant at the time of his death. However, even so, and construing the petition most strongly in his favor, since the death was brought about by the negligence of another servant of the defendant, engaged in the same common employment, there can be no recovery against the defendant. Code, § 66-304. The plaintiff contends in a reply brief that the defendant and the contractor and general employer of the deceased, at the time of the accident, were engaged in a joint enterprise, and that "their servants" were "likewise engaged in a joint enterprise." If this be true, the negligence of the driver of the truck would be imputable to the deceased, and there could be no recovery. *Fuller v. Mills*, 36 *Ga. App.* 357 (136 S. E. 807); *Griffin v. Browning*, 51 *Ga. App.* 743 (5), 745 (181 S. E. 801). We are therefore of the opinion that under no theory deducible from the allegations of the petition does it set out a cause of action against the defendant, and that the judge properly dismissed the action on demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*