### 27021. MORRISON v. LEWIS.

MacINTYRE, J. 1. The Code, § 66-304, declares: "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." See *Brush Electric Light &c. Co.* v. *Wells*, 110 *Ga.* 192 (35 S. E. 365).

2. "Where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent, or avails himself of the service, a promise to pay the reasonable value of the service is implied." *Mitcham* v. *Singleton*, 50 *Ga. App.* 457 (178 S. E. 465) ; *Douglas* v. *Stephens*, 27 *Ga. App.* 485, 487 (108 S. E. 833) ; 6 R. C. L. 587.

3. Under the foregoing principles, the petition in the instant case, construed most strongly against the petitioner, shows the personal injuries complained of to be the result of the acts of a fellow servant of the plaintiff; and this being so, the petition filed set forth no cause of action. *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126 (32 S. E. 30) ; *Salter* v. *Nugent*, 50 *Ga. App.* 187 (177 S. E. 513).

4. The court did not err in dismissing the plaintiff's petition on oral motion in the nature of a general demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED NOVEMBER 10, 1938.

678

*Joseph A. Long, F. P. McIntire,* for plaintiff.
*Hesler & Clark,* for defendant.