30684.   BLANCHARD *v.* GALLAHAR.

Decided March 1, 1945.

134

*Pierce Brothers, J. Glenn Stovall,* for plaintiff in error.

*Stevens & Stevens,* contra.

BROYLES, C. J. It is well-settled law that if Dunn and the plaintiff's husband were fellow servants, their master (Blanchard) would not be liable for the death of her husband, if it were caused by the negligence of Dunn. "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Code, § 66-304. In this case the petition clearly shows that the death of Gallahar was the result of Dunn's negligence. Therefore, the only question here presented is whether the petition, properly construed (most strongly against the plaintiff), shows that Gallahar and Dunn were fellow servants within the meaning of the above-cited Code section. In *Hamby* v. *Union Paper Mills,* 110 *Ga.* 1 (35 S. E. 297), headnote 1 reads: "Two persons subject to control and direction by the same general master in the same common object are fellow servants, and if one is injured by the negligence of the other, the master, save when by statute otherwise provided, is not liable, *although the negligent servant has the right to direct the work of the other.*" (Italics ours.) In *Salter* v. *Nugent,* 50 *Ga. App.* 187 (3) (177 S. E. 513), this court said: "The original petition, . . properly construed (most strongly against the plaintiff), shows that the personal injuries sued for resulted from the negligence of a fellow servant of the plaintiff. While the petition contains some language tending to show otherwise, such language is clearly a conclusion of the pleader which is not supported by the facts set forth." In *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609, 624 (56 S. E. 839, 10 L. R. A. (N. S.) 772), the court said: "In the present case there was evidence that N. S. West was superintendent over the hands of the Dublin Cotton Mills and that he was the overseer. This alone was not sufficient to show that he was the vice-principal. The evidence showed further that he had charge of the work and the hands, and that the plaintiff was working under his orders. . . Before the servant would take rank as a vice-principal of the master, it must appear

that he is vested with authority to give those orders which the servant of a master is entitled to regard as coming from the master himself. Orders in reference to mere matters of trivial detail amounting merely to supervision in the operation of the business may be properly entrusted to a servant, if the master has been free from negligence in the employment of the servant to whom he entrusts this duty; that is, many orders in the operation of a business are part of the mere supervision of the work."

In the instant case there was no allegation in the amended petition that the master had been negligent in employing his servant Dunn. Under the foregoing rulings, and the allegations and facts set forth in the petition, and properly construing the petition (most strongly against the plaintiff), we think that it appeared from the petition itself- that Dunn and Gallahar were fellow servants, and that Blanchard was not liable for the death of Gallahar; and that the court erred in overruling Blanchard's general demurrer to the petition.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

## 30685. DUNN *v.* GALLAHAR.

Decided March 1, 1945.

*Pierce Brothers, J. Glenn Stovall,* for plaintiff in error.
*Stevens & Stevens,* contra.