30969, 30986. ROBERTS *v.* ETHRIDGE; and *vice versa.*

DECIDED FEBRUARY 1, 1946.

*Thomas A. Jacobs Jr.,* for plaintiff.

*Edward F. Taylor,* for defendant.

MacIntyre, J. The petition as amended alleges, in effect, that the plaintiff is the widow of Tobie Roberts; that at the time

of his death he (Roberts) "was employed by R. F. Ethridge and at the time was employed in his work on the Ethridge truck, which was then and there driven by A. P. McDaniel Jr., while engaged about his duties and in the scope of his employment of R. E. Ethridge." The plaintiff contends that under the allegations of the petition the defendant Ethridge's driver was guilty of gross negligence in the manner in which he was driving Ethridge's truck; and that such negligence was the cause of the death of the plaintiff's husband. The defendant Ethridge demurred to the petition on the ground that, as to him, it did not set out a cause of action. The court sustained the demurrer and the plaintiff excepted.

The Code, § 66-301, provides in part: "The master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency; he shall use like care in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence." Section 66-303 states: "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by section 66-301, in order that the servant may recover it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had no equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." Section 66-304 says: "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business."

As to (1) the place, (2) the appliances, (3) the instrumentalities, and (4) the fellow servants, the law places upon the master a personal or positive duty to provide for his servant. Here there is no complaint that the automobile was in any way defective, and it is obvious that there was no violation of the first three duties of the master above enumerated. *Holland* v. *Durham,* 131 *Ga.* 715 (1) (63 S. E. 290); *Byrd* v. *Thompson,* 146 *Ga.* 300 (91 S. E. 100).

The plaintiff contends that the allegations of her petition show gross negligence by the fellow servant, the driver of the automobile, and that the gross negligence of the driver exposed the decedent to "extraordinary risk;" that the decedent assumed only the ordinary risk; that this gross negligence of the driver should be imputed to the absent master; that, when so imputed, the master was guilty of gross negligence, and thus the master exposed the decedent to extraordinary risk. In other words, the plaintiff claims that the doctrine of respondeat superior is applicable. It was the duty of the master, as related to the fellow servant of the decedent, to use ordinary care in selecting the decedent's fellow servant, who was the driver of the automobile at the time the decedent was killed. The petition here does not allege that the master did not use ordinary care in selecting the driver or in retaining him after knowledge of incompetency. The words, "extraordinary risk," as they relate to the injury to a servant caused by the negligence of a fellow servant, mean a risk which ought not to exist and did not exist except for the master's negligence. It is of no consequence whether the negligence was ordinary or gross. "Ordinary risks are such as remain after the master has used all reasonable means to prevent them. *Neary* v. *Georgia Public Service Co.*, 27 *Ga. App.* 238 (107 S. E. 893)." 30 Words and Phrases 273. Just what reasonable means could the master have been reasonably expected to take in order to prevent the driver of his automobile from causing a collision by improperly driving his automobile in his absence? It seems to us that it was the use of ordinary care in selecting the driver. Code, § 66-301. " 'Ordinary risks' are usually described as being those incident to the business, and do not imply the result of the master's negligence. The expression, 'extraordinary risks,' is generally used to describe risks arising from the negligence of the master, and they are generally held not to be assumed unless known or obvious. *Emanuel* v. *Georgia & F. Ry. Co.*, 142 *Ga.* 543 (83 S. E. 230, 231)." 30 Words and Phrases 271; *Atlanta, Birmingham & Coast R. Co.* v. *King*, 55 *Ga. App.* 1 (189 S. E. 580). Relative to such negligence, in determining whether "the risk of the servant was ordinary or extraordinary," the controlling fact is whether the master was negligent (negligence being the failure to exercise due care), and it is of no consequence whether the

negligence is ordinary or gross.  To illustrate:  As applied to the instant case, if the master had used ordinary care in selecting a fellow servant as the driver of the automobile, and the driver's negligence was the sole cause of the servant's death, the risk would be an "ordinary risk," because it was not caused by the negligence of the master.  But, if the master had failed to use ordinary care in selecting the driver in question, and such failure was the cause of the decedent's death, the risk would have been an "extraordinary risk," because it would have arisen from the negligence of the master in not exercising *at least* ordinary care in selecting such driver, which would have been a violation of a personal or a non-delegable duty of the master to the servant. If the master did not exercise slight care he would be guilty of gross negligence.  Code, § 105-203.  Of course, if a lesser degree of negligence (ordinary negligence), which is the failure to use ordinary care, subjects the servant to an "extraordinary risk," it follows that subjecting him to a higher degree of negligence (gross negligence), which is a lesser degree of care, would necessarily subject him to an "extraordinary risk" and, whether guilty of ordinary or gross negligence, the servant would be subjected to an "extraordinary risk."  Thus, in determining whether the risk is "extraordinary," it is of no consequence whether the negligence is ordinary or gross.

Here no negligence of the absent master was alleged, unless the negligence of the fellow servant driving the automobile could be imputed to him.  As heretofore stated, the plaintiff can not recover under his petition unless the rule of respondeat superior is applied, but the rule of respondeat superior has been departed from in this State to the extent that the fellow-servant rule is applicable, and the rule in this State, which is applicable here, is that where a servant of a common master, while acting within the scope of his authority, or in connection therewith, is injured solely by the negligence of a fellow servant in the performance of acts not involving a violation of the master's non-delegable duties, the rule of respondeat superior has been departed from, and the fellow-servant rule applies.  Restatement of the Law of Agency, p. 1114, § 474.  *Morrison* v. *Lewis,* 58 *Ga. App.* 677 (199 S. E. 782); *Mills* v. *Bartow Lumber Co.,* 9 *Ga. App.* 171 (70 S. E. 983); *Wilder* v. *Steel Products Co.,* 57 *Ga. App.* 255 (195 S. E. 226);

*Champney Island Co.* v. *Bell,* 44 *Ga. App.* 826 (163 S. E. 513) ; *Norris* v. *American Ry. Express Co.,* 156 *Ga.* 150 (118 S. E. 686) ; *Gartrell* v. *Russell,* 51 *Ga. App.* 519 (180 S. E. 860) ; *Strickland* v. *Foughner,* 63 *Ga. App.* 805, 807 (12 S. E. 2d, 371). The plaintiff in error has requested this court to review and reverse the case of *Morrison* v. *Lewis,* supra. Upon a careful consideration thereof, the request is denied.

In short the general rule in this State is that the fellow-servant rule is available as a defense whenever the negligent servant did the act complained of in his capacity of a servant or employee, and was not representing the master in the discharge of those personal or absolute duties which every master owes to his servant; such duties being frequently referred to as non-delegable duties. *Moore* v. *Dublin Cotton Mills Company,* 127 *Ga.* 609, 623 (56 S. E. 839) ; 35 Am. Jur. 762 (12). The allegations of the petition bring the instant case under the limitation of the rule of respondeat superior as limited by the fellow-servant rule, and to that extent, the rule of respondeat superior will not be followed, but the fellow-servant rule will be applied. Thus, applying the fellow-servant rule, which is applicable here, to the allegations of the petition, a cause of action is not set out, for the petition alleges, in effect, that the plaintiff, a servant of the common master, while acting within the scope of his employment, was injured *solely* by the negligence of a fellow servant in the performance of acts not involving the violation of the master's non-delegable duties, and the judge did not err in·sustaining the general demurrer.

Having affirmed the case on the main bill of exceptions, it is not necessary to pass upon the questions raised by the cross-bill.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Gardner, J., concur.*