31633. ATKINSON *v.* EMPIRE PRINTING & BOX COMPANY.

DECIDED SEPTEMBER 3, 1947. REHEARING DENIED DECEMBER 1, 1947.

*Charles W. Anderson,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr.,* for defendant.

MacINTYRE, P. J. In the petition in this case, it is alleged:

"At various and sundry times, petitioner was harassed, annoyed and interferred with in her work assigned by said coworkers [fellow servants], who knew she was by them and their conduct as intended greatly disturbed in her peace and safety to work, with full knowledge of defendant . . she was forced to stop said work, the defendant retaining said incompetent and wilful employees, who by said ruse tried to cover up their incompetence, trying to make it appear her work was incompetent, and endangering wilfully her peace and safety at said place of work. Defendant, after knowledge and notice of the incompetence and conduct aforesaid of her said coworkers, was negligent in that it did thereafter: (a) Retaining said coworkers, (b) In not taking remedial action to retard and prohibit their said conduct, (c) In at said various and sundry times with open knowledge and notice to allow said practice which did tend to breach the peace and safety of your petitioner at her work, and (d) In thereby failing to maintain place of safety to work for petitioner. That all said acts of the defendant and its said negligence was a grave breach of her contract of employment, and which forced her [to] refrain from working there longer under said conditions, to her hurt and damage." The plaintiff prayed for a recovery in the sum of $5000.

We construe the petition as an action ex delicto based on acts of negligence alleged in the petition, and that the petition recites the contract only by way of inducement merely to show the duty imposed by the contract in view of the relationship of the parties created thereby. In short, the petition seeks a recovery upon the alleged acts of negligence above quoted.

Code § 66-304 provides: "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business."

As to (1) the place, (2) the appliances, (3) the instrumentalities, and (4) the fellow servants, the law places upon the master a personal or positive, sometimes called nondelegable, duty to provide for his servant. Here it is obvious that there was no violation of the second or third duties of the master above enumerated. *Roberts* v. *Ethridge*, 73 *Ga. App.* 400, 401 (36 S. E. 2d, 883) ; Code, §§ 66-301 and 66-303.

With respect to the first of these enumerated duties as to a safe place to work, the allegations of the petition that the defendant omitted to furnish the plaintiff with a safe place to work amount to nothing under the other allegations of the petition for the reason that "the specific duty of furnishing a safe place to work rather relates to the equipment of houses, plants, and other similar structures, though, of course, it is a general duty of the master, as to all times and all places, not to expose his servant to an extraordinary hazard, of which the master has knowledge, actual or constructive, and of which the servant is ignorant, and could not by ordinary diligence acquire knowledge." Nothing is alleged in the instant case to show such a situation. *Mills* v. *Bartow Lumber Co.,* 9 *Ga. App.* 171, 175 (70 S. E. 983) ; *Holland* v. *Durham Coal & Coke Co.,* 131 *Ga.* 715 (63 S. E. 290).

With respect to the fourth nondelegable duty of the master enumerated above, if the plaintiff knew that her fellow servants, about whose conduct she is complaining, were retained after she had notified the employer of their incompetence, she should not have engaged in the same service with them any more than she should work with a defective tool given her by her employer. *Smith* v. *Sibley Manufacturing Co.,* 85 *Ga.* 333, 336 (11 S. E. 616). Under the allegations of the petition it affirmatively appears that she did refrain from working longer in the same service with such fellow employees. The petition shows that she knew of the alleged incompetence of her fellow servants, and she is not entitled to recover damages of her master for violation of the fourth nondelegable duty. *Camilla Cotton Oil &c. Co.* v. *Walker,* 21 *Ga. App.* 603 (94 S. E. 855).

Thus, the petition does not show that the defendant violated any of the nondelegable duties of a master.

"A master is not bound to indemnify one servant for injuries caused by the negligence of another servant in the same common employment as himself, unless the negligent servant was the master's representative." 4 Labatt's Master & Servant, 2nd. ed., § 1393.

Thus, applying the fellow-servant rule to the allegations of the petition, a cause of action is not set out for the petition

shows that the plaintiff's injury, if any, was caused by the misconduct or negligence of a fellow servant and not because of a violation of one of the master's nondelegable duties. *Roberts* v. *Ethridge,* supra; *Davis* v. *Davis Foundry & Machine Works,* 18 *Ga. App.* 508 (89 S. E. 600).

The trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*