111 Ga. App. 847 (1965)
143 S.E.2d 578
MILLER
v.
FULTON.
41293.
Court of Appeals of Georgia.
Submitted May 3, 1965.
Decided June 14, 1965.
Cook & Palmour, for plaintiff in error.
Robert Edward Surles, contra.
FELTON, Chief Judge.
1. "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Code § 66-304.
2. An employee cannot recover from his master for injuries sustained in the master's automobile where the driver, whose negligence is alleged to have caused the injury, was a fellow servant. Gartrell v. Russell, 51 Ga. App. 519 (180 SE 860); *848 Wilder v. Steel Products Co., 57 Ga. App. 255 (195 SE 226); Morrison v. Lewis, 58 Ga. App. 677 (199 SE 782); Blanchard v. Gallahar, 72 Ga. App. 132 (33 SE2d 379); Roberts v. Ethridge, 73 Ga. App. 400 (6) (36 SE2d 883); Norris v. American R. Exp. Co., 156 Ga. 150 (118 SE 686).
3. A workman engaged on the same job with others, although he may have the direction of it, is not a vice-principal of the master, but is a mere fellow servant, unless he is performing nondelegable, or nonassignable, duties of the master. Southern R. Co. v. Heaton, 61 Ga. App. 386 (1) (6 SE2d 339); Cates v. Itner, 104 Ga. 679 (30 SE 884); Moore v. Dublin Cotton Mills, 127 Ga. 609 (2-4) (56 SE 839, 10 LRA (NS) 772); Bray v. Westinghouse Electric Corp., 103 Ga. App. 783, 784-5 (120 SE2d 628).
4. In the instant case, the amended petition, construed most strongly against the plaintiff, shows that the plaintiff and the defendant's two sons were all employed as fellow servants by the defendant to do farm work; that the plaintiff's alleged injuries were caused by the negligence of one of the sons, acting within the scope of his employment as agent and servant of the defendant, in driving the defendant's truck in which the plaintiff was riding, from the place of employment to the defendant's home; that the driver was not performing any nondelegable or nonassignable duties of the defendant-master. It follows that the petition fails to set out a cause of action against the defendant and that the court properly dismissed the case on general demurrer.
Judgment affirmed. Jordan and Russell, JJ., concur.